## LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>**Carey, David** | CHAPTER 13<br>CASE NO. **5:21-bk-1841**<br><br>[ ] ORIGINAL PLAN<br>**[4th]** AMENDED PLAN<br>　　(Indicate 1st , 2nd , 3rd , etc.):<br>[ ] Number of Motions to Avoid Liens<br>[ ] Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | [ ] Included | **[X]** Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | [ ] Included | **[X]** Not included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | [ ] Included | **[X]** Not included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1.　　PLAN FUNDING AND LENGTH OF PLAN**

　　**A.　Plan Payments From Future Income**

　　1.　Through February 2022, the Debtor paid $3,776.08 (enter $0 if no payments have been made to

the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 37,761.13, plus

The amount already paid by debtors, $3,776.08 added to the following payments

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payments | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 3/2022 | 9/2026 | **$654.94** | | $654.94 | 55 |
| | | | | Total Payments: | 37,761.10 |

other payments and property stated in § 1B below:

2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: **[X]** Debtor is at or under median income*If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*
   **[ ]** Debtor is over median income. Debtor estimates that a minimum of $**0.00** must be paid to allowed unsecured, creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $ 0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

[ X ] No assets will be liquidated.*If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable.*
[ ] Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $_____ from the sale of property known and designated as_____. All sales shall be completed by_____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

2. **SECURED CLAIMS**

   A. **Pre-Confirmation Distributions.** *Check one.*

   **[X]** None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

   1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

   2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

   B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

   **[ ]** None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

   LA Funding - Debtor shall pay LA Funding directly for the post petition mortgage payments as per the parties original agreement.

   C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check one.*

   **[ ]** None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

   | Name of Other Party | Description of property | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | |
   |---|---|---|---|---|---|---|
   | LA Funding | Residence | | | 25,225.50 | 25,225.50 | |
   | HOA for residence | Residence | | | 7,259.52 | 7,259.52 | |

   D. **Other secured claims (conduit payments and claims for which § 506 valuation is not applicable, etc.).**

   **[X]** None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

   E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

   **[X]** None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

   F. **Surrender of Collateral.** *Check one.*

   **[X]** None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

   G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

3

**[X]** None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3. **PRIORITY CLAIMS**

   A. **Administrative Claims**

   1. <u>Trustee fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. <u>Attorney fees.</u> Complete only one of the following options:

      a. In addition to the retainer of $**3,000.00** already paid by the Debtor, the amount of $ 1,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $250.00 per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

   B. **Priority Claims (including, certian Domestic Support Obligations**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| The Law offices of Everett Cook, P.C. | 1,500.00 |

   C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified** *Check one of the following two lines.*

   **[X]** None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

   B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

[ ] None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

[X] The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
| Toyota Financial Services | | | | | | **Reject** |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

[ X ] plan confirmation.
[ ] entry of discharge.
[ ] closing of case:

**7. DISCHARGE: (Check one)**

[ X ] The debtor will seek a discharge pursuant to § 1328(a).
[ ] The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: **Adequate protection payments**
Level 2: **Debtor's attorney's fees**
Level 3: **Domestic Support Obligations**
Level 4: **Priority Claims, pro rata**
Level 5: **Secured claims, pro rata**
Level 6: **Specially classified unsecured claims**
Level 7: **General unsecured claims**
Level 8: **Untimely filed unsecured claims to which the debtor has not objected**

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.

Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

Dated: **May 9th, 2022**

*/s/ John Everett. Cook*
Attorney for Debtor
*/s/ David Carey*
Debtor

_____
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.